Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 5348 | **DATE** | 9/12/2000 |
| **CASE TITLE** | Donald Ladenberger vs. National Technology | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: For the reasons, the defendant Fed. R. Civ. P. 19 motion to join [14-1] a person needed for just adjudication is denied and the defendant's Fed. R. Civ. P. 42 motion to consolidate [13-1] this case with case no. 99 C 6984 is granted.**

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | SEP 19 2000 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | ED-7 FILED FOR DOCKETING 00 SEP 18 PM 2:10 | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TSA | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DONALD LADENBERGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 99 C 5348 |
| v. ) | |
| ) | Judge Wayne R. Andersen |
| NATIONAL TECHNOLOGY ) | |
| TRANSFER, INC., a Colorado ) | |
| ) | |
| Defendant. ) | |

DOCKETED SEP 1 9 2000

## MEMORANDUM, OPINION AND ORDER

This case is before the Court on defendant National Technology, Inc.'s Fed. R. Civ. P. 19 motion to join an indispensable party and Fed. R. Civ. P. 42 motion to consolidate this case with case number 99 C 6984. For the following reasons the motion to join an indispensable party is denied and the motion to consolidate is granted.

## BACKGROUND

On August 16, 1999, Donald Ladenberger filed a five count Complaint seeking a declaratory judgment as to copyright ownership of certain manuals and alleging counts of copyright infringement, unfair competition, unjust enrichment, and two counts of breach of contract against National Technology Transfer, Inc. (NTT). In 1994, Plaintiff co-authored two technical works on the design and installation of centrifugal pumps. Plaintiff subsequently used the manuals to teach a series of seminars, organized by NTT, pursuant to an oral contract between the parties. During the time Plaintiff was teaching for NTT, Aurora Pump employed him on a full-time basis. Aurora Pump manufactures

centrifugal pumps. Since 1996, NTT has published additional instructional manuals on the design and maintenance of centrifugal pumps. Ladenberger requests that we issue a declaratory judgment stating that he has copyright ownership of the additional instructional manuals. Plaintiff claims copyright interests by virtue of the "derivative works" theory under Section 103 of the U.S. Copyright Act, 17 U.S.C. § 103. NTT asserts that Aurora Pump has valid copyright interest under a "work made for hire" theory. Consequently, NTT moves to join Aurora Pump as an indispensable party to determine ownership rights.

Additionally, NTT moves to consolidate this case with the later filed case numbered 99 C 6884, which involves the same two parties. In case 99 C 6884, Ladenberger alleges that NTT tortiously interfered with plaintiff's employment relationship with Aurora Pump. Plaintiff alleges that NTT contacted Aurora Pump to disclose his financial compensation for teaching the seminars and to disclose that plaintiff claims a copyright interest in the manuals. Plaintiff further alleges that this disclosure caused his discharge from Aurora Pump.

## DISCUSSION

I. <u>Joinder</u>

Fed. R. Civ. P. 19 sets forth two possible scenarios in which joinder is appropriate. First, joinder is appropriate if "in the person's absence complete relief cannot be accorded among those already parties." Second, joinder is appropriate if "the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or

2

impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest." Fed. R. Civ. P. 19(a). Joinder would not deprive this court of its federal question subject matter jurisdiction. However, the requested joinder of Aurora Pump does not satisfy either of the two scenarios contemplated in Fed. R. Civ. P. 19.

First, it is not necessary for Aurora Pump to be joined for complete relief to be accorded to those already parties. Plaintiff is asking for a declaratory judgment stating that he is the sole owner of all right, title, and interest in the copyrights for each of the alleged derivative works. The defense is free to put on whatever evidence is relevant to prove its case. If such evidence proves that Aurora Pump is the owner of the copyright, then plaintiff's request for a declaratory judgment will be denied.

Second, defendant has not established that Aurora "claims an interest" in the copyright. The assertion that Aurora Pump may theoretically own the copyright by virtue of the "work made for hire" doctrine does not alone establish a "claimed interest." Similarly, the assertion that an agent of the company has made comments to this effect carries little weight in the absence of an affidavit. Finally, the court takes note of the fact that Aurora Pump could have and has chosen not to attempt to intervene in this action pursuant to Fed. R. Civ. P. 24(a). Therefore, the motion to join Aurora Pump as an indispensable party is denied.

II. Consolidation

"When actions involving a common question of law or fact are pending before the court...it may order all of the actions consolidated." Fed. R. Civ. P. 42. The Local Rules dictate that we must find that the issues are related before consolidation. L.R. 40.4(a). A finding of "relatedness" may rest on the fact that "the cases involve some of the same issues of law or fact." L.R. 40.4(a)(2). In the instant case, the issues of law are not identical because the earlier case involves copyright ownership and breach of contract issues and the later case involves tort claims. However, the factual scenario is similar and the legal issues are related. Furthermore, there would be a meaningful saving of judicial effort by consolidating these cases because the list of witnesses to be called is substantially the same. Consolidation is not likely to confuse the jury; rather the jury will be better equipped to make an informed decision upon hearing all of the issues involved. Finally, since the cases are in the same discovery stage, designating the later filed case as related would not be likely to delay the proceedings in the earlier case substantially. L.R. 40.4(b)(3). Therefore, defendants motion to consolidate it granted.

## CONCLUSION

For these reasons, the defendant's Fed. R. Civ. P. 19 motion to join a person needed for just adjudication is denied and the defendant's Fed. R. Civ. P. 42 motion to consolidate this case with case no. 99 C 6984 is granted.

Wayne R. Andersen
United States District Judge

Dated: September 12, 2000

4